## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

TAYLRE KORECKY,

       Plaintiff,                         Case No. _____

v.

DISCOVER BANK, JPMORGAN CHASE
BANK, N.A., and USAA FEDERAL
SAVINGS BANK,

       Defendants.
_____/

## COMPLAINT

The Plaintiff, Taylre Korecky ("Plaintiff"), hereby sues the Defendants, Discover Bank ("Discover"), JPMorgan Chase Bank, N.A. ("Chase"), and USAA Federal Savings Bank ("USAA"), and alleges:

### *Parties, Jurisdiction and Venue*

1.     Plaintiff is an individual and a resident of Palm Beach County, Florida.

2.     Discover is a foreign corporation with its principal place of business in Greenwood, Delaware.

3.     Chase is a foreign corporation with its principal place of business in New York, New York.

4.     USAA is a foreign corporation with its principal place of business in San Antonio, TX.

5.     This is an action brought pursuant to 47 U.S.C. § 227. Accordingly, this Court has jurisdiction over this action under 28 U.S.C. § 1331 because this is a civil action arising under the laws of the United States.

6.      This Court has supplemental jurisdiction over the state law claims in this action under 28 U.S.C. § 1367 because the state law claims are so related to the claims over which this Court has original jurisdiction that they form part of the same case or controversy under Article III of the U.S. Constitution.

7.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this district.

8.      All conditions precedent to bringing this action have occurred, been performed, or have been waived.

### ***Factual Allegations***

9.      Plaintiff had a credit card account (the "Discover Account") with Discover. Plaintiff was unable to pay the balance on the Discover Account as it came due.

10.     Discover began calling the Plaintiff's cellular telephone to collect the balance on the Discover Account.  Discover has called Plaintiff's cellular telephone 5-7 times a day for the past two months.

11.     Plaintiff has clearly and definitely demanded that Discover stop calling her twice during telephone conversations with Discover's representatives.

12.     Discover responded to Plaintiff's demand by stating that Discover would note her demand in their system, but Discover continued to call Plaintiff's cellular telephone.

13.     When Plaintiff demanded that Discover stop calling her, Plaintiff revoked any consent that Discover may have had to contact the Plaintiff with an artificial or prerecorded voice.

14.     After Plaintiff demanded that Discover stop calling her, Discover called Plaintiff's cellular telephone numerous times using an artificial and/or prerecorded voice.

15.     Discover directed the above-described phone calls to Plaintiff in the Southern District of Florida, and Plaintiff received the calls in the Southern District of Florida.

16.     Plaintiff had a credit card account (the "Chase Account") with Chase.  Plaintiff was unable to pay the balance on the Chase Account as it came due.

17.     Chase began calling the Plaintiff's cellular telephone to collect the balance on the Chase Account.  Chase has called Plaintiff's cellular telephone 5-7 times a day during the month of February 2019 and for the first half of March 2019.

18.     Plaintiff has clearly and definitely demanded that Chase stop calling her during telephone conversations with Chase's representatives.

19.     When Plaintiff demanded that Chase stop calling her, Plaintiff revoked any consent that Chase may have had to contact the Plaintiff with an artificial or prerecorded voice.

20.     After Plaintiff demanded that Chase stop calling her, Chase called Plaintiff's cellular telephone numerous times using an artificial and/or prerecorded voice.

21.     Chase directed the above-described phone calls to Plaintiff in the Southern District of Florida, and Plaintiff received the calls in the Southern District of Florida.

22.     Plaintiff had a credit card account (the "USAA Account") with USAA.  Plaintiff was unable to pay the balance on the USAA Account as it came due.

23.     USAA began calling the Plaintiff's cellular telephone to collect the balance on the USAA Account.  USAA has called Plaintiff's cellular telephone 5-7 times a day for the past two months.

3

24.     Plaintiff has clearly and definitely demanded that USAA stop calling her twice during telephone conversations with USAA's representatives.

25.     When Plaintiff demanded that USAA stop calling her, Plaintiff revoked any consent that USAA may have had to contact the Plaintiff with an artificial or prerecorded voice.

26.     After Plaintiff demanded that USAA stop calling her, USAA called Plaintiff's cellular telephone numerous times using an artificial and/or prerecorded voice.

27.     USAA directed the above-described phone calls to Plaintiff in the Southern District of Florida, and Plaintiff received the calls in the Southern District of Florida.

## <u>COUNT I – VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT</u>
### (Against Discover)

28.     Plaintiff incorporates and realleges paragraphs 1 through 15 as if stated fully herein.

29.     Discover called Plaintiff's cellular telephone using an artificial and prerecorded voice without Plaintiff's prior express consent.

30.     The conduct of Discover constituted multiple violations of 47 U.S.C. § 227(b)(1)(A)(iii).

31.     Because Plaintiff clearly revoked consent for Discover to contact her, and Discover knowing called Plaintiff using artificial and prerecorded voice after such revocation, Discover's violations of the TCPA were knowing and willful.

32.     As a direct and proximate result of the wrongful conduct of Discover, Plaintiff has suffered actual damages, including mental anguish, embarrassment, loss of time, and financial harm.

WHEREFORE, the Plaintiff, Taylre Korecky, hereby demands judgment against the Defendant, Discover Bank, for actual damages, statutory damages in the amount of $1,500.00 for

each violation of the TCPA, court costs, injunctive relief, and any other further relief this Court

deems just and proper.

**COUNT II – VIOLATION OF THE**
**<u>FLORIDA CONSUMER COLLECTION PRACTICES ACT</u>**
**(Against Discover)**

33.     Plaintiff incorporates and realleges paragraphs 1 through 15 as if stated fully

herein.

34.     The conduct of Discover constituted violations of Section 559.72(7), *Florida*

*Statutes*.

35.     Additionally, on March 20, 2019, Discover called the Plaintiff.  During that call,

the Plaintiff told Discover that she had an attorney and provided her attorney's name and

telephone number.  Despite having knowledge that the Plaintiff was represented by an attorney

and being able to readily ascertain the attorney's name and address, Discover called the Plaintiff

again on March 25, 2019 and again on March 27, 2019.  This conduct constituted violations of

Section 559.72(18), *Florida Statutes*.

36.     As a direct and proximate result of the wrongful conduct of Discover, Plaintiff has

suffered actual damages, including mental anguish, embarrassment, loss of time, and financial

harm.

WHEREFORE, the Plaintiff, Taylre Korecky, hereby demands judgment against the

Defendant, Discover Bank, for actual damages, statutory damages in the amount of $1,000.00,

court costs, reasonable attorney's fees, injunctive relief, and any other further relief this Court

deems just and proper.

5

## COUNT III – VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT
### (Against USAA)

37.     Plaintiff incorporates and realleges paragraphs 1 through 8 and 22 through 27 as if stated fully herein.

38.     USAA called Plaintiff's cellular telephone using an artificial and prerecorded voice without Plaintiff's prior express consent.

39.     The conduct of USAA constituted multiple violations of 47 U.S.C. § 227(b)(1)(A)(iii).

40.     Because Plaintiff clearly revoked consent for USAA to contact her, and USAA knowing called Plaintiff using artificial and prerecorded voice after such revocation, USAA's violations of the TCPA were knowing and willful.

41.     As a direct and proximate result of the wrongful conduct of USAA, Plaintiff has suffered actual damages, including mental anguish, embarrassment, loss of time, and financial harm.

WHEREFORE, the Plaintiff, Taylre Korecky, hereby demands judgment against the Defendant, USAA Federal Savings Bank, for actual damages, statutory damages in the amount of $1,500.00 for each violation of the TCPA, court costs, injunctive relief, and any other further relief this Court deems just and proper.

## COUNT IV – VIOLATION OF THE
## FLORIDA CONSUMER COLLECTION PRACTICES ACT
### (Against USAA)

42.     Plaintiff incorporates and realleges paragraphs 1 through 8 and 22 through 27 as if stated fully herein.

43.     The conduct of USAA constituted violations of Section 559.72(7), *Florida Statutes*.

44.     Additionally, on March 20, 2019, USAA called the Plaintiff.  During that call, the Plaintiff told USAA that she had an attorney and provided her attorney's name and telephone number.  Despite having knowledge that the Plaintiff was represented by an attorney and being able to readily ascertain the attorney's name and address, USAA called the Plaintiff again on March 26, 2019.  This conduct constituted a violation of Section 559.72(18), *Florida Statutes*.

45.     As a direct and proximate result of the wrongful conduct of USAA, Plaintiff has suffered actual damages, including mental anguish, embarrassment, loss of time, and financial harm.

WHEREFORE, the Plaintiff, Taylre Korecky, hereby demands judgment against the Defendant, USAA Federal Savings Bank, for actual damages, statutory damages in the amount of $1,000.00, court costs, injunctive relief, and any other further relief this Court deems just and proper.

## COUNT V – VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT
### (Against Chase)

46.     Plaintiff incorporates and realleges paragraphs 1 through 8 and 16 through 21 as if stated fully herein.

47.     Chase called Plaintiff's cellular telephone using an artificial and prerecorded voice without Plaintiff's prior express consent.

48.     The conduct of USAA constituted multiple violations of 47 U.S.C. § 227(b)(1)(A)(iii).

49.     Because Plaintiff clearly revoked consent for Chase to contact her, and Chase knowing called Plaintiff using artificial and prerecorded voice after such revocation, Chase's violations of the TCPA were knowing and willful.

50.     As a direct and proximate result of the wrongful conduct of Chase, Plaintiff has suffered actual damages, including mental anguish, embarrassment, loss of time, and financial harm.

WHEREFORE, the Plaintiff, Taylre Korecky, hereby demands judgment against the Defendant, JPMorgan Chase Bank, N.A., for actual damages, statutory damages in the amount of $1,500.00 for each violation of the TCPA, court costs, injunctive relief, and any other further relief this Court deems just and proper.

**COUNT VI – VIOLATION OF THE**
**FLORIDA CONSUMER COLLECTION PRACTICES ACT**
**(Against Chase)**

51.     Plaintiff incorporates and realleges paragraphs 1 through 8 and 16 through 21 as if stated fully herein.

52.     The conduct of Chase constituted violations of Section 559.72(7), *Florida Statutes*.

53.     As a direct and proximate result of the wrongful conduct of Chase, Plaintiff has suffered actual damages, including mental anguish, embarrassment, loss of time, and financial harm.

WHEREFORE, the Plaintiff, Taylre Korecky, hereby demands judgment against the Defendant, JPMorgan Chase Bank, N.A., for actual damages, statutory damages in the amount of $1,000.00, court costs, injunctive relief, and any other further relief this Court deems just and proper.

### ***Demand for Attorney's Fees & Costs***

Pursuant to Section 559.77(2), *Florida Statutes*, Plaintiff Taylre Korecky hereby demands an award of the attorney's fees and costs incurred in this matter.

### ***Demand for Jury Trial***

Plaintiff Taylre Korecky hereby demands a jury trial on all claims asserted in this Complaint and otherwise later asserted in this lawsuit.

DATED: March 28, 2019.                            Respectfully submitted,

*/s/ Joshua A. Mize*
**Joshua A. Mize, Esq.**
Florida Bar No. 86163
**MIZE LAW, PLLC**
110 Front Street, Suite 300
Jupiter, FL 33477
Phone: (407) 913-6800
Fax: (407) 604-7410
Email: jmize@mize.law

*Attorney for the Plaintiff,*
*Taylre Korecky*

9